LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 W. 24th Street, 8th Floor
New York, New York 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DANIEL CACERES,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

        Plaintiff,

   v.

TAWH, INC. d/b/a TOTAL AUTOMOTIVE WAREHOUSE INC., WILLIAM GOLDKRANZ, and JERRY GOLDKRANZ,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

---

Plaintiff, DANIEL CACERES ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, TAWH, INC. d/b/a TOTAL AUTOMOTIVE WAREHOUSE INC., WILLIAM GOLDKRANZ, and JERRY GOLDKRANZ (collectively the "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime, (3) unreimbursed costs and maintenance for "tools of the trade," (4) liquidated damages and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime, (3) unreimbursed costs and maintenance for "tools of the trade," (4) unpaid spread of hours premium, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, DANIEL CACERES, is a resident of New York County, New York.

6. The Defendant, TAWH, INC. d/b/a TOTAL AUTOMOTIVE WAREHOUSE INC., is a domestic business corporation organized under the laws of New York State operating an auto-part store with a principal place of business located at 219 Riverdale Avenue, Yonkers, New York, 10705

7. Individual Defendant, WILLIAM GOLDKRANZ is the Chief Executive Officer of Corporate Defendant TAWH, INC. d/b/a TOTAL AUTOMOTIVE WAREHOUSE INC. Defendant WILLIAM GOLDKRANZ exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant WILLIAM GOLDKRANZ

exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant WILLIAM GOLDKRANZ directly regarding any of the terms of their employment, and Defendant WILLIAM GOLDKRANZ would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant WILLIAM GOLDKRANZ also had the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members.

8. Upon information and belief, Individual Defendant, JERRY GOLDKRANZ is an owner of Corporate Defendant TAWH, INC. d/b/a TOTAL AUTOMOTIVE WAREHOUSE INC. Defendant JERRY GOLDKRANZ exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant JERRY GOLDKRANZ exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant JERRY GOLDKRANZ directly regarding any of the terms of their employment, and Defendant JERRY GOLDKRANZ would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant JERRY GOLDKRANZ also had the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members.

9. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, FSLA Collective Plaintiffs, and Class members their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to reimburse Plaintiff FSLA Collective Plaintiffs, and Class members their "tools of the trade" and maintenance costs.

14. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including cashiers, salesmen, drivers, packagers, unloaders) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules. These decisions and policies all culminated in a willful failure and refusal to pay Plaintiff and other FLSA Collective Plaintiffs the proper wages for all hours worked including overtime hours. The claims of Plaintiff stated herein are essentially the

4

same as those of the other FLSA Collective Plaintiffs.

17. At all relevant times, Defendants knowingly and willfully failed to reimburse Plaintiff and FSLA Collective Plaintiffs their "tools of the trade" and maintenance costs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons who are paid on an hourly basis (including cashiers, salesmen, drivers, packagers, unloaders) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the

calculation of that number rests presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

22. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, (i) failing to compensate employees for all hours worked, including overtime hours, (ii) failing to pay Class members spread of hours premium for work days exceeding 10 hours, and (iii) failing to provide proper wage notice and wage statements to employees. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of

individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class within the meaning of New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants failed to pay Class members their overtime premium at a rate of time and a half of their regular rate for hours worked over forty (40) in a workweek;

e) Whether Defendants failed to pay Class members the spread of hours premium for days in which their workday exceeded ten (10) hours;

(f) Whether Defendants knowingly to reimburse Plaintiff and Class members their "tools of the trade" and maintenance costs.

(g) Whether Defendants provided proper wage statements with each payment of wages as required by New York Labor Law; and

(h) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, including rate of compensation, trade name of employer, among others, at the date of hiring and annually thereafter pursuant to the requirements of the New York Labor Law.

## STATEMENT OF FACTS

27. In or around 2011, Plaintiff Daniel Caceres was hired by Defendants to work for TAWH, INC. d/b/a TOTAL AUTOMOTIVE WAREHOUSE INC. located in Yonkers as a driver. Plaintiff DANIEL CACERES's employment ended on or around December 7, 2019.

28. Throughout his employment, Plaintiff DANIEL CACERES worked a regular schedule from 9:00 a.m. to between 6:00 and 6:30 p.m. six days a week with Sundays off.

29. During the employment by Defendants, Plaintiff often worked over forty hours per week.

30. Specifically, during the employment by Defendants, Plaintiff generally worked 6 days a week for 10.5 hours per day.

31. During the employment by Defendants, from 2011 until June 2018 Plaintiff was salaried at a rate of $850 a week. During this time, despite frequently working more than forty (40) hours a week, Plaintiff was never given over-time pay.

32. During the employment by Defendants, June 2018 until Plaintiff's employment ended on December 7, 2019, Plaintiff was salaried at a rate of $750 a week. During this time, despite frequently working more than forty (40) hours a week, Plaintiff was never given overtime pay.

33. During the entirety of Plaintiff's employment, Plaintiff was never given a "spread of hours" premium. FSLA Collective Plaintiffs, and Class members were similarly never paid a spread of hours premium for workdays exceeding 10 hours.

34. During the entirety of Plaintiff's employment as a driver, Defendant never reimbursed Plaintiff for business expenses such as: car purchases, car insurance, gas, and repairs. FSLA Collective Plaintiffs, and Class members were similarly never reimbursed for business expenses.

35. Defendants unlawfully failed to provide Plaintiff or Class members with proper wage notices or wage statements as required by NYLL. No wage notices were provided by Defendants, and the wage statements failed to provide the accurate number of hours worked and the phone number of the employer.

36. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

37. Plaintiff realleges and reavers Paragraphs 1 through 35 of this class and collective action Complaint as if fully set forth herein.

38. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

39. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

40. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

41. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked.

42. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

43. Plaintiffs are in possession of certain records concerning the number of hours

worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

45. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

46. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to, unpaid overtime and an equal amount as liquidated damages.

47. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS**

48. Plaintiff realleges and reavers Paragraphs 1 through 46 of this class and collective action Complaint as if fully set forth herein.

49. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the applicable state law.

50. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff and Class members for all hours worked. The wage statements of Plaintiff and Class members did not accurately reflect their hours worked.

51. Defendants knowingly and willingly violated Plaintiff's and Class member's rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

52. Defendants violated the rights of Plaintiff DANIEL CACERES and Class members under the New York Labor Law by failing to pay them "spread of hours" premiums for each day of their workweeks exceeding 10 hours in length.

53. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the applicable state law.

54. Defendants failed to provide proper wage statements with every payment as required by the applicable state law.

55. Due to the Defendants' state law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid compensation, unpaid overtime, unpaid spread of hours premium, unreimbursed costs and maintenance of "tools of the trade," damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the applicable state law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the applicable state law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages under the applicable state law;

d. An award of unpaid spread of hour's premium under the applicable state law;

e. An award of statutory penalties as a result of Defendants' failure to comply with state law wage notice and wage statement requirements;

f. An award for unpaid costs and maintenance of "tools of the trade."

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay full wages pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, and spread of hours premium, pursuant to the applicable state laws;

i. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiff as Representative of Class; and

m. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 9, 2020

        Respectfully submitted,

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        Anne Seelig (AS 3976)
        148 W. 24th Street, 8th Floor
        New York, New York 10011
        Tel.: 212-465-1188
        Fax: 212-465-1181

        *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By:  /s/ C.K. Lee
        C.K. Lee, Esq. (CL 4086)